Curia, per Wardlaw, J.
In the case of Glenn v. Sims, Glenn, with fifteen other persons, executed a joint and several note, under seal, payable to himself; in an action by his administratrix against Sims, one of the fifteen, it was held that the administratrix had no higher rights than her intestate, and that he could not have maintained any action on the specialty, because he united in himself the characters of both obligor and obligee, so that if he only did what he promised, the obligation was fulfilled. It may be conceded that his assignee, like his administratrix, would have been subject to the same objection which would have prevailed against himself.
Relying on that case, the defendant here argues that W. M. Bobo, being both payee and one of the makers of this joint and several instrument, called a promissory note, could not have maintained an action thereon against this defendant, who is another of the makers and a surety of the said W. M. Bobo; and therefore, that the said W. M. Bobo could not, by his endorsement, transfer a right of action to this plaintiff. But between specialties and those commercial instruments, to which, from considerations of policy, peculiar negotiability has been given, there is a wide difference. As to the latter, it by no means follows, because a right did not belong to a payee, that one claiming through him may not possess it. A strong instance to the contrary may be seen in this very case; for, by abandoning his second ground ot appeal, the defendant acknowledges that an innocent endorsee is in no wise affected by a fraud, which would have defeated an action by the payee.
Is the instrument in question one that is entitled to the advantages of a commercial instrument?
It is not doubted that, in a bill of exchange, the drawer and drawee may be the same person, as very clearly drawer and payee may be the same. It could scarcely be denied that an instrument, in the form of a bill of exchange, wherein drawer, payee and drawee were all the same person, might, hi the hands of an endorsee, be treated either asan accepted bill, or as a promissory note. Therefore, the plaintiff might *111 well have declared on this paper as a bill of exchange drawn by W. M. Bobo in favor of the plaintiff*, and accepted by defendant. . '
But the plaintiff has declared on it as a "promissory note; and it is objected that.it is not embraced by the Stat. 3 and 4 Anne, c. 9, (from which promissory notes derive their right to. be negotiated and sued, as inland bills of exchange may be,) because it is not payable to any other person, but to one of the persons who made it. - -
- The case of Edis v. Bury incidentally recognises such an instrument as a promissory note; and various American cases have expressly decided it to be so. (To these, standing the argument that has been here urged, may be ded the case of Smith v. Lusher, for that case depends .not on any peculiar statute of New York, but only on a statute similar to the statute of Anne, as may be seen in Piets v. Johnson, where a.peculiar statute is invoked to authorize an action by a holder, without endorsement, of a hole made payable to the order of the maker.
The question - has, however, of late, undergone the examination of the various Benches in England. The Court of Exchequer, in Flight v. McLean, sustained a general.demurrer to a count, endorsee against maker, on a note payáble to the order of the maker and endorsed to the plaintiff, upon the ground, that such an instrument was not a promissory note within the statute of Anne. Afterwards, the question came before the Gtueen’s Bench, in Wood v. Mytlon; and there, in a contrary decision, this view was taken of statute. “ The first section consists of a preamble and clauses of enactment. The first of these clauses contains a description of promissory notes by certain requisites, and then a description of the payee, which includes only any other person — the clause is confined to notes not endorsed, provides for all payees that can claim, and the restricted description of the payee operates as no restriction in fact. THe second, third and fourth clauses relate to the endorsement of notes. The second enacts, that any such note payable to any person or persons, his or their order, shall bé endorsable as a bill of exchange. This clause, by the word such, adopts the description of requisites for a, note in the first clause, and adds a different description of payee extending to any person. It includes, therefore, in terms, notes payable to the maker or his order, as well as notes payable to other persons, for if the former description of payee was intended-to be incorporated under the word such, the additional description of payee would be not only superfluous but incorrect.” The. same construction wa's applied to the third and fourth clauses, which give the right to payee and endorsee to sue uponswcA note — interpreted to mean a note of the requisites before *112 mentioned, with the new description of payee, that is, payable t0 ally person or persons, his or their order.
Subsequently, in Hooper v. Williams, the Court of Ex- - cjiequer attained the same result as the Queen’s Bench, by a different process. There the note was payable to the maker’s order, by him endorsed in blank to J. K., who endorsed to the plaintiff — declared upon ¿s made payable to bearer and delivered to J. lv., who endorsed to the plaintiff. Questions, could such an instrument be sued on after endorsement? Is there a variance? The construction,of the statute made in the Queen’s Bench was disapproved. “As we think, the statute was intended to make those instruments to which it had previously given an obligatory effect between the original parties, transferrable to third persons, so as to enable them to sue upon them as upon, the transfer of bills of exchange.” However, “it is well settled that no particular form- of words is necessary in order to constitute a promisso■ry note:- What, then, is the meaning of the instrument in question? Before the endorsement, it may be considered to be a promise to pay £150, two months after date,, to the person to whom the maker should afterwards, by endorsement, order the money to be paid : such endorsement being intended to have the same operation as if put upon a complete note. If, then,; the'endorsément should be to a particular person, or to A B, or his order, and if in blank, it would be payable to bearer, in like manner as a sum- secured by a complete note would have been, by similar endorsements. * ' * It appears to- us, then, that the instrument in this case was, when it first became a binding promissory note, a note payable to bearer, and consequently was properly described in'the declaration.” The Court of Common Pleas delivered judgment in two cases not yet reported, Brown v. De Winton and Gray v. Linder, in perfect accordance, both in the result and in the reasons given, with the judgment of the Court of Exchequer in Hooper v. Williams.
It seems, then, to be well established, that the plantiff might, in the case before us, have declared as bearer of a promissory’ note. Not adopting that form, if his count had set out a note payable to the order of W. M. Bobo, one of the makers, and endorsed by him to the plaintiff, it would have clearlyamount-ed to an allegation of a note payable to the plaintiff, who became endorsee. Such it in fact is, and was intended to be. The words used in the note are “ the order of W. M. Bobo.” Where the action is brought by the person to whose order a note is payable, the legal effect of such words is held to be the same as if they were to him- “or order”: but the natural signification is the person to whom he shall, by his endorsement, give order, and this signification will prevail, where it consists with the intention and rights of parties.
*113 But the plaintiff here has by his count alleged that the defendant made the note payable to W. M. Bobo or order, that W. M. Bobo endorsed it to the plaintiff, and that thereby the defendant became liable to pay to the plaintiff. To this count only, inquiry is now directed; for the defendant received nothing and cannot be made liable on the count for money had and received, and the special count has not been exhibited to this Court. The count in question is good upon its face, for it does not disclose that the payee was one of the makers. The same evidence which shows that, shows also his endorsement. The effect is not to invalidate the instrument, but to convert it into a note by the makers to the person called the endorser; and even if it was no note whilst it remained in the hands of the maker, to whose order it was payable, the description in the count, instead of a variance, becomes only a paraphrastic statement of the legal' result. The count here, (after it was shewn that the note was payable to the order of a maker) became in substance the same as that in Wood v. Mytlon.
The same conclusion it will be "seen would have been deduced, if the note had been given, in the course of some awkwardly arranged business transaction, between W. M. Bobo and the defendant, and had really been made payable to W. M. Bobo or order: for to sustain the count, W. M. Bobo or order, and the order of W. M. Bobo, must be regarded as convertible phrases. The latter phrase, however, and the manifest intention of all the makers, that this note should be discounted for the accommodation of W. M. Bobo, make the plaintiff’s right to recover upon the instrument more plain, if they in no way help the count in which he has set forth his case.
The motion is dismissed.
Evans, Frost & Withers, JJ., concurred.

Motion refused.